IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY ZHEREBKO, | |
| Plaintiff, | No. C 13-00843 JSW |
| v. | |
| VIKTOR REUTSKYY, ET AL, | **ORDER GRANTING MOTION TO DISMISS** |
| Defendant. | |

Now before the Court is the motion to dismiss for lack of personal jurisdiction filed by Defendants Viktor Reutskyy ("Reutskyy"), Nataliya Galifianakis ("Galifianakis"), and Otizito, LLC ("Otizito") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court GRANTS Defendants' motion.

### BACKGROUND

Plaintiff Andrey Zherebko ("Zherebko") resides in Kyiv, Ukraine. (Compl. ¶ 1.) Defendant Reutskyy resides in Europe. (Declaration of Viktor Reutskyy ("Reutskyy Decl."), ¶ 1.) Defendant Galifianakis resides in New York State. (Declaration of Nataliya Galifianakis ("Galifianakis Decl."), ¶ 1.) Defendant Otizito is a limited liability company with its sole place of business in New York State. (*Id.* at ¶ 3.)

According to the allegations in the Complaint, in April 2011, Zherebko and Reutskyy jointly developed an Android application known as This Side Up. (Compl. ¶ 11.) This application contained copyrighted materials exclusively owned by Zherebko. (*Id.*) Reutskyy registered This Side Up with Google, Inc. on June 15, 2011. (*Id.*) Subsequently, Zherebko

collaborated with his agent, Pavlo Shelyazhenko, to develop an Android application known as Move the Box, which allegedly incorporated the copyrighted material. (*Id.* at ¶¶ 1, 12.) In November 2011, Zherebko and Reutskyy collaborated to develop an iPhone version of Move the Box. (*Id.* at ¶ 13.) Users could either download a free version of the game or pay to download a "Pro" version and game hints. (Compl., Ex. A.) Shortly thereafter, Defendants allegedly reproduced, adapted, and distributed the copyrighted material as well as other intellectual property that Zherebko contributed to This Side Up, all without Zherebko's authorization. (Compl. at ¶¶ 14, 17.)

On or about March 12, 2012, Otizito was formed. (*Id.*) Several days later, Otizito became the registered owner of the iPhone version of Move the Box. (*Id.*) Zherebko believed that in registering Move the Box with Apple Inc., both Galifianakis and Otizito expressly agreed that any disputes in connection with Move the Box would be subject to the exclusive venue and jurisdiction of courts located in Santa Clara County, California. (*Id.*)

Based on these and other allegations, Zherebko filed suit against Defendants alleging causes of action for copyright infringement, contributory copyright infringement, and breach of an oral contract against Defendants.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.  Applicable Legal Standard for Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2).**

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Courts may consider evidence presented in affidavits to assist in its determination and may order discovery on jurisdictional issues. *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However, when "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss . . . That is, the plaintiff need only

demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (holding that where the trial court ruled on jurisdictional issue based on affidavits and without holding an evidentiary hearing, plaintiff need only make a prima facie showing). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *See Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. *See International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Lastly, the maintenance of an action in the forum must not offend traditional conceptions of fair play and substantial justice. *See International Shoe*, 326 U.S. at 320.

Whether a party's contacts with the forum are sufficient to permit the state to exercise jurisdiction depends upon the particular facts of each case. *Thos P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1251 (9th Cir. 1980). For specific jurisdiction, "the issue of whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc*, 557 F.2d at 1287; *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) ("In judging minimum contacts, a

3

1  court properly focuses on the relationship among the defendant, the forum, and the litigation.")
2  (internal quotations and citation omitted).

Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or in the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (internal quotations and citations omitted).

**B.  The Court Does Not Have Jurisdiction Over the Parties.**

**1.  Purposeful Availment.**

Purposeful availment, "[d]espite its label . . . includes both purposeful availment and purposeful direction." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Availment and direction are two distinct concepts: whereas purposeful availment analysis usually applies in contract cases, purposeful direction analysis usually applies in tort cases. *Schwarzenegger*, 374 F.3d at 802. Zherebko's infringement of copyright claims are analyzed under the purposeful direction framework, and his breach of contract claim is analyzed under the purposeful availment framework. *See id*.

**A.  Infringement of Copyright Claims.**

Purposeful direction is the proper analytical framework for determining personal jurisdiction in a copyright infringement case. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Under the three-part 'effects' test, a defendant purposefully directed the activities to the forum state if he or she (1) committed an intentional

*United States District Court*
*For the Northern District of California*

4

act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803.

An intellectual property misuse claim can be considered "expressly aimed" at California if the victim is in California. *See Love v. Associated Newspapers*, 611 F.3d 601, 609 n.4 (9th Cir. 2010). However, if the victim is not a resident of California, even an intentional misuse of intellectual property is not "expressly aimed" at California. *Id.*; *see also Brayton Purcell*, 606 F. 3d at 1129-1130. Indicia of residency include property ownership, voting registration, and place of business. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Zherebko is not a resident of California and does not allege any ownership interest in any business in California. He does not allege that he owns or leases any property in California, or that he has a bank account or telephone listing in California. Therefore, even if Defendants intentionally misused Zherebko's intellectual property, this intentional act is not "expressly aimed" at anyone in California. *See Love*, 611 F.3d at 609 n.4.

Because Defendants' alleged conduct was not expressly aimed at the forum state under the effects test, Zherebko did not meet his burden under the first prong regarding the copyright infringement claims. Therefore, the Court grants Defendants' motion to dismiss these claims.

### B. Breach of Contract Claim.

The Court turns to whether Zherebko's breach of contract claim constitutes purposeful availment. "'Purposeful availment' requires that the defendant 'have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (citing *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). With respect to websites and internet activity, the Ninth Circuit applies the "sliding scale" approach to jurisdiction utilized by the district court in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997). "The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." *Cybersell,* 130 F.3d at 419 (adopting *Zippo* and holding that this approach applies to website and internet activity).

> 1  At one end of this sliding scale, the defendant conducts business
> 2  transactions over the Internet with residents of the forum . . . . In
>    such situations, jurisdiction is almost always proper, because the
> 3  defendant has asserted itself into the forum and made actual contact,
>    often commercial, with a forum resident . . . . At the other end of the
> 4  scale are 'passive' Web sites, through which the defendant simply
>    posts information to those who access the site, such as
> 5  advertisements and informational pieces about the Web site host.

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1202-03 (C.D. Cal. 2000) (citations and quotations omitted); *see also Stomp, Inc. v. Neato, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999) ("personal jurisdiction is not appropriate when a website is merely . . . passive . . . , but is appropriate when an entity is conducting business over the Internet").

In sum, courts look "to the 'level of interactivity and commercial nature of the exchange of information that occurs on the Web site' to determine if sufficient contacts exist to warrant the exercise of jurisdiction." *Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124). Apps that access the internet are, for purposes of personal jurisdiction, equivalent to websites. *See* Joanna Sibilla Taatjes, Note, *Downloading Minimum Contacts: The Propriety of Exercising Personal Jurisdiction Based on Smartphone Apps*, 45 Conn. L. Rev. 357, 362 (2012).

Move the Box is not a passive app because its users pay to download versions and also purchase game hints. Because of this high level of interactivity and commercial exchange of information in Move the Box, sufficient contacts exist to warrant the exercise of jurisdiction over Defendants. *See Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124). Zherebko has met his burden under the first prong to demonstrate jurisdiction over the breach of contract claim.

**2.   Forum-Related Activities.**

The second prong used to determine whether activities are forum-related requires that "the contacts constituting purposeful availment must be the ones that give rise to the current suit." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). To determine whether a claim arises out of forum-related activities, "courts consider[] whether plaintiff's claims would have arisen *but for* [defendants'] contacts with California." *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001).

4

Here, the Defendants distributed Move the Box through Apple, Inc.'s App Store. Any time a user downloads Move the Box, the title first electronically passes through Apple in California. (*See* Compl., Ex. B.) But for the Defendants' distribution of Move the Box through Apple, Inc.'s App Store, Zherebko would have no breach of contract claim.

Accordingly, Zherebko has shown that the breach of contract claim arises out of the Defendants' activities with the State of California and has, therefore, met the second prong burden.

### 3. Reasonableness of Exercising Jurisdiction.

Lastly, the Court must determine whether the exercise of jurisdiction is reasonable. *Sher*, 911 F.2d at 1361. In analyzing the reasonableness of exercising jurisdiction, the Court must apply a seven-factor analysis:

> (1) the extent of the purposeful interjection into the forum state, (2) the burden on the defendant of defending in the forum, (3) the extent of conflict with the sovereignty of defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*See Bancroft & Masters*, 223 F.3d at 1088 (citing *Burger King*, 471 U.S. at 476).

#### A. Extent of Purposeful Interjection.

Purposeful interjection is analogous to the purposeful availment and purposeful direction analyses. *Sinatra*, 854 F.2d at 1199. The Court has already found that Zherebko made a prima facie showing that Defendants purposefully availed themselves of California. The Court finds that this factor is satisfied.

#### B. Burden on Defendants.

Turning next to the issue of the burden on Defendants, the Court must examine the "burden on the defendant in light of the corresponding burden on the plaintiff." *Brand v. Menlove*, 796 F.2d 1070, 1075 (9th Cir. 1986). Unless the inconvenience to defendant is "so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Roth v. Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). If

7

nonjurisdictional methods of lessening the inconveniences faced by a foreign defendant exist, this factor is satisfied. *See Sinatra*, 854 F.2d at 1199 (citing *Burger King*, 471 U.S. at 477-78).

In this case, none of the parties reside in California. Otizito and Galifianakis reside in New York while Zherebko and Reutskyy reside in Europe. It presents as much of a burden for Defendants to litigate in California as it does for Zherebko to litigate in New York. Because nonjurisdictional methods of lessening the inconveniences faced by Defendants exist, the Court declines to hold the burden on Defendants so great as to constitute a deprivation of due process. *See Sinatra*, 854 F.2d at 1199 (citing *Burger King*, 471 U.S. at 477-78). This factor is satisfied.

### C.     Conflict with Sovereignty of Defendant's State.

Litigation against a foreign defendant "creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Sinatra*, 854 F.2d at 1199. However, conflict with the sovereignty of a defendant's state is not dispositive because, if given controlling weight, it would always prevent suit against a foreign defendant in a United States court. *See Gates Learjet*, 743 F.2d at 1333. Even though Defendants are foreign, this is not given controlling weight. *See id.* Therefore, this factor is satisfied.

### D.     Forum State's Interest in Adjudicating the Suit.

California has an interest in providing effective redress for its residents. *Sinatra*, 854 F.2d at 1200 (citing *Brand*, 796 F.2d at 1076). Neither Zherebko nor Defendants are residents of California. The Court does not have an interest in providing effective redress for nonresidents. *See id.* Therefore, this factor weighs in Defendants' favor.

### E.     Efficient Judicial Resolution.

In order for jurisdiction to be reasonable, there must be a shared interest of several states in obtaining an efficient judicial resolution. *World-Wide Volkswagen Corp.*, 444 U.S. at 292. Because the Court does not have an interest in adjudicating this contract dispute between non-citizens, there is not a shared interest in obtaining an efficient judicial resolution. Therefore, this factor weighs in favor of Defendants.

### F. Convenience and Effectiveness of Relief for Plaintiff.

Maintaining a suit in California is inconvenient and costly not only to Zherebko, as Plaintiff, but also to Defendants because no parties are residents of California. Therefore, this factor weighs in Defendants' favor.

### G. Existence of an Alternative Forum.

Whether another reasonable forum exists "becomes an issue only when the forum state is shown to be unreasonable." *Sinatra*, 854 F.2d at 1201 (citing *Melcher*, 824 F.2d at 791).

After balancing all seven factors, the Court finds that the Defendants have demonstrated a compelling case that the current forum is unreasonable. An alternative forum may exist where the oral contract was formed. *See McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) (finding single forum state contact sufficient if the cause of action arises out of that particular purposeful contact).

The Court finds that Defendants have met their burden to demonstrate that the assertion of personal jurisdiction is fair and reasonable. Therefore, the Court grants Defendants' motion to dismiss the breach of contract claim.

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS defendants' motion to dismiss for lack of personal jurisdiction. A separate judgment shall issue and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 12, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

9

Case 3:13-cv-00843-JSW   Document 31   Filed 08/12/13   Page 10 of 10